UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

STEVEN WILLIAM WURZER,

                              Plaintiff

-vs-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

DECISION AND ORDER

15-CV-6528 CJS

___

## INTRODUCTION

Now before the Court is Plaintiff's motion (Docket No. [#19]) for attorney fees pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). The application is granted.

## BACKGROUND

On September 4, 2015, Plaintiff commenced this action alleging that the Commissioner had improperly denied his application for Supplemental Security Income ("SSI") benefits. On April 22, 2016, the Court issued a stipulated Order [#12] remanding the action to the Commissioner for further administrative proceedings, and on July 18, 2016, the Court issued a stipulated Order [#18] awarding Plaintiff attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $6,100.00. Upon remand, the Commissioner ruled that Plaintiff was entitled to SSI benefits, and on August 1, 2018, the Commissioner issued an Amended Notice of Award indicating that Plaintiff was entitled to past-due benefits in the amount of $67,797.00.

1

More than three months later, on November 13, 2018, Plaintiff filed the subject application for an award of attorney fees under 42 U.S.C. § 406(b)(1). The application requests an award of $16,928.25, which is slightly less than 25% of the past-due benefits. Plaintiff's counsel acknowledges that if the Court grants the application, he must refund to Plaintiff the attorney fees ($6,100) previously awarded under the EAJA.

On December 14, 2018, the Commissioner filed a response which does not challenge the amount that Plaintiff is seeking, but contends that the application should be denied as "untimely under the standards used in the Second Circuit." On December 21, 2018, Plaintiff filed a reply.

DISCUSSION

Plaintiff's application is made pursuant to 42 U.S.C. § 406(b)(1)(A) which states in pertinent part that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

Courts have interpreted this reference to a "judgment" rendered by "a court" to include awards made by the Commissioner upon remand from a district court.[1] "Fees awarded under section 406(b)(1) are deducted from the claimant's past-due benefits, and it is the role of the district court to determine the reasonableness of the fee." *Heffernan v. Astrue*, 87 F. Supp. 3d 351, 354 (E.D.N.Y. 2015).

---

[1] *See, e.g., Garland v. Astrue*, 492 F. Supp. 2d 216, 219 (E.D.N.Y. 2007) ("[T]he consensus among courts that have considered this issue appears to be that attorneys' fees are available under § 406(b) when a claimant successfully obtains an administrative finding of entitlement to benefits after a remand for further proceedings.") (collecting cases; footnote omitted).

2

Several factors are relevant to the reasonableness analysis, including the following:

> (1) whether the contingency percentage is within the 25% cap; (2) whether there has been fraud or overreaching in the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. Also relevant are the following: (1) the character of the representation and the results the representative achieved; (2) the amount of time counsel spent on the case; (3) whether the attorney was responsible for any delay; and (4) the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Sinkler v. Berryhill*, 305 F. Supp. 3d 448, 451 (W.D.N.Y. 2018) (citations and internal quotation marks omitted). "Fee awards under both the EAJA and § 406(b) may be awarded, but the claimant's attorney must refund the claimant the amount of the smaller fee." *Schiebel v. Colvin*, No. 614CV00739LEKTWD, 2016 WL 7338410, at *1 (N.D.N.Y. Dec. 19, 2016) (citations and internal quotation marks omitted).

42 U.S.C. § 406(b)(1) does not indicate when such a fee application must be made in relation to the award of past-due benefits. At the time Plaintiff filed the subject motion, the Second Circuit had not yet addressed that issue, and district courts had taken different approaches, with some courts relying upon Fed.R. Civ. P. 54(d) as a framework to require that such motions be filed within 14 days of notice of the award of past-due benefits and other courts relying upon Fed. R. Civ. P. 60(b)(6)'s "catch-all provision" to require only that the motion be filed within a reasonable time after the notice of past-due benefits. *See, generally, Sinkler v. Berryhill*, 305 F.Supp.3d at 452-453 (collecting cases). Courts applying the "reasonableness" standard had reached various outcomes depending upon the particular circumstances presented. *See, Sinkler*, 305 F.Supp.3d at 456 ("Some courts appear to routinely find that a delay of several months is "reasonable" despite offering little, if any, explanation in support of this conclusion. Other courts seem to

3

acknowledge that delays of up to six or seven months' time amount to lengthy periods of inaction, but based upon the attorney-movant's explanation have found that any delay was reasonable.") (collecting cases).

On April 11, 2018, seven months before Plaintiff filed the subject motion, the Honorable Elizabeth Wolford, United States District Judge, made a detailed analysis of the two aforementioned opposing views concerning the timeliness of fee motions under 42 U.S.C. § 406(b)(1)(A). *See, Sinkler v. Berryhill*, cited earlier. Judge Wolford persuasively argued that the appropriate approach in such cases is to apply Rule 54(d) and to require that such fee motions be filed within fourteen days after notice of the award of past-due benefits. *See, Sinkler*, 305 F.Supp.3d at 453-454 ("[T]he Court agrees with those jurisdictions that have held that because § 406(b) does not address the timing of a fee petition, Rule 54(d)(2)(B) should govern the timing of the fee petition.") (citations and internal quotation marks omitted). Taking that approach, Judge Wolford denied the plaintiff's fee application which had been filed nine months after the notice of award of past-due benefits, but indicated that she would have reached the same result even under the "reasonableness" approach since the plaintiff's attorney had not offered any explanation for the delay. *Sinkler*, 305 F.Supp.3d at 458-459. The plaintiff's counsel in *Sinkler* is also Plaintiff's counsel in this action.

On January 1, 2019, while the subject motion was pending and Judge Wolford's decision in *Sinkler* was on appeal to the United States Court of Appeals for the Second Circuit, the United States District Court for the Western District of New York adopted Local Rule of Civil Procedure 5.5(g)(1), requiring that fee awards under 42 U.S.C. § 406(b) be filed "no later than sixty-five (65) days after the date of the final award sent to plaintiff's

4

counsel of record at the conclusion of defendant's past-due benefit calculation stating the amount of withheld attorney's fees."

Then, very recently, on August 2, 2019, the United States Court of Appeals for the Second Circuit affirmed Judge Wolford's ruling in *Sinkler*. *See, Sinkler v. Berryhill*, --- F.3d ---, 2019 WL 3510486 (2d Cir. Aug. 2, 2019).

Considering Plaintiff's application in light of all of the foregoing, the Court believes that it was unwise of Plaintiff to wait three-and-one-half-months to file the application following Judge Wolford's ruling in *Sinkler*, even if that ruling was not binding on other judges in this district.[2] Nevertheless, it is clear that even following such ruling, there was obvious disagreement in this district concerning the proper timeline for filing § 406(b) applications, as shown by the adoption of Local Rule 5.5(g)(1). Moreover, prior to Judge Wolford's ruling in *Sinkler* and the adoption of Local Rule 5.5(g)(1), courts had held that four months was a reasonable time within which to file a § 406(b) motion following a final award of benefits. *See, e.g., Jenis v. Colvin*, No. 12-CV-0600A, 2016 WL 6246423, at *1, n. 1 (W.D.N.Y. Oct. 26, 2016) (finding that a § 406(b) motion filed four months after receipt of notice was filed "within a reasonable time.").

Accordingly, based on the particular circumstances surrounding the instant application as discussed above, the Court declines to deny Plaintiff's motion on the basis of untimeliness. Additionally, the Court finds, as did the Commissioner, that Plaintiff's application is otherwise reasonable in light of the relevant factors set forth earlier.

---

[2] The significance of Judge Wolford's ruling in *Sinkler* is that Plaintiff's counsel clearly was on notice as early as April 11, 2018, that any future applications to this Court under 42 U.S.C. § 406(b)(1)(A), including the application in this action, could be evaluated under the timeliness standards set forth in *Sinkler*. Despite that, Plaintiff waited more than three months after receiving notice of the award of past-due benefits to file the subject motion, without requesting any extension of the Rule 54(d) deadline and without providing any explanation for the delay. Indeed, the Court notes with disapproval that Plaintiff's application [#19] did not mention *Sinkler* or otherwise reference the timing of the motion.

CONCLUSION

Plaintiff's application for attorney's fees [#19] in the amount of sixteen thousand nine hundred twenty-eight dollars and twenty-five cents ($16,928.25) is granted. Plaintiff's counsel shall remit the previously-awarded EAJA fee of $6,100.00 to the Plaintiff.

SO ORDERED.

Dated: Rochester, New York
August 13, 2019

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge